————o————

5401.

(Court of Appeal, Parish of Orleans.)

**JOSEPH S. WISE vs. HAYWARD & CLARK.**

Questions of fact only are involved.

Appeal from the Civil District Court, Division "A."

Martin H. Manion, for plaintiff and appellee.

Dart, Kernan & Dart, for defendant and apppellant.

GODCHAUX, J.—The majority of the Court holds that the Court is vested with jurisdiction of this appeal. The writer must yield to this conclusion, though not concurring therein, and the merits of the controversy will be considered.

Plaintiff, a merchant of Hazlehurst, Mississippi, sues the defendant, a cotton brokerage firm of New Orleans, for an alleged balance of account due as a result of certain trades in cotton futures executed for him by said firm on the New Orleans Cotton Exchange. The answer admits that the particular trades referred to in plaintiff's petition and the account thereto attached resulted in the balance claimed by plaintiff, but alleges that there were two other transactions, not mentioned in said petition or account which resulted in a loss to plaintiff sufficient to wipe out the balance in plaintiff's favor and to make plaintiff defendant's debtor for an amount for which the latter asks judgment in reconvention.

The Court below gave judgment for plaintiff as prayed and rejected defendant's reconventional demand; and the latter appeals.

Plaintiff's sundry orders to buy and sell futures were placed by him with a broker at Hazlehurst, named Dwyer, who thereupon transmitted them for execution to defendant over the latter's private wire to New Orleans, of which he had the use. As to the two disputed orders or trades which resulted in the loss upon which defendant bases its defense and its reconventional demand, the record shows without contradiction that defendant executed them for plaintiff's account upon orders trans-

mitted by Dwyer, without plaintiff's knowledge, authority or consent and that the latter repudiated the transaction as soon as he was advised of it. In view of this and recognizing that plaintiff can not be held liable for a loss arising from an unauthorized transaction, defendant attempts to show that Dwyer, in placing the two unauthorized orders, was acting as plaintiff's agent within the scope of an apparent authority which plaintiff had negligently permitted him to assume. But the facts are against this position. In the first place there is sufficient evidence in the record to justify a finding that througout the numerous trades that were made, Dwyer was in fact not the agent of plaintiff, but of defendant. In the second place, even if Dwyer was plaintiff's agent in placing the authorized orders, the record is barren of any evidence upon which could be predicated the conclusion that plaintiff permitted him to assume any apparently greater authority than he in fact possessed. The fact is that plaintiff honored every transaction which he had authorized and promptly refused to recognize the validity of those that had not his sanction. It is unfortunate that the loss should fall on defendant, whose only fault consisted in relying too implicitly in Dwyer's integrity, but this furnishes no ground for taxing plaintiff with liability.

There is no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

January 22, 1912.

Rehearing refused, March 4, 1912.